RDW2015R00735

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 17- |
| | : | |
| v. | : | 18 U.S.C. § 669 |
| | : | |
| MARIA TAVERA | : | INFORMATION |

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

**COUNT ONE**
**(Embezzlement from a Health Care Benefit Program)**

1. At all times relevant to this Information:

a. Nueva Vida Behavioral Health Center of New Jersey, Inc. ("Nueva Vida") was a New Jersey nonprofit corporation with offices in Camden, New Jersey, and a "health care benefit program" as defined in 18 U.S.C. § 24(b);

b. Cesar Tavera was the Executive Director of Nueva Vida; and

c. Defendant MARIA TAVERA was a resident of Cherry Hill, New Jersey, the Administrator of Nueva Vida, and the wife of Cesar Tavera.

2. At all relevant times, the Medicaid Program was a jointly funded, federal-state health insurance program that provided certain health benefits to the disabled, as well as to individuals and families with low income and resources. The federal government provided matching funds to Medicaid and ensured that states complied with minimum standards in the administration of the program.

3. In New Jersey, Medicaid ("NJ Medicaid") was administered by the New Jersey Department of Human Services and predecessor agencies. NJ Medicaid was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

4. Payment of a claim by NJ Medicaid was conditioned upon certification by a provider that the claims and underlying transactions billed by the provider complied with all applicable law, regulations, program instructions, and conditions of participation in NJ Medicaid.

5. Nueva Vida held itself out as a provider of outpatient mental health and psychiatric services to the Camden community. The majority of Nueva Vida's patients were Medicaid beneficiaries.

6. From 2006 forward, Nueva Vida entered into Medicaid provider agreements with the New Jersey Department of Human Services and predecessor agencies in which Nueva Vida agreed to comply with all applicable federal and state laws, regulations, and policies. Cesar Tavera signed those Medicaid provider agreements as Executive Director of Nueva Vida.

7. Under New Jersey law and Medicaid rules, a provider such as Nueva Vida could bill NJ Medicaid for outpatient mental health services only if the person who provided the mental health services was authorized by law to provide mental health services and appropriately credentialed. For nonprofit organizations, the person providing the mental health services had to either (a) be licensed to provide mental health services, or (b) have at least a master's degree in a recognized mental health discipline. If the person had a master's degree from an institution outside the United States, those qualifications had to be verified through an accrediting organization before the person could provide services and NJ Medicaid could be billed for those services.

8. Nueva Vida regularly submitted bills to NJ Medicaid claiming that Nueva Vida provided mental health treatment to its Medicaid patients. Nueva Vida personnel prepared bills on computers using billing software and then submitted claims electronically to NJ Medicaid.

9. Cesar Tavera supervised and directed the personnel preparing bills submitted to NJ Medicaid.

10. Cesar Tavera supervised and directed the persons at Nueva Vida who purported to provide mental health therapy.

11. Cesar Tavera and his co-conspirators obtained money from NJ Medicaid through billings that included false and fraudulent statements claiming that:

a. patients received mental health therapy in sessions that did not occur;

b. patients received mental health therapy from individuals qualified under NJ Medicaid rules, when, in fact, mental health therapy was provided by individuals who were not licensed or otherwise qualified to provide mental health therapy;

c. individual mental health therapy was provided to patients who, in fact, received group therapy; and

d. 45 minutes or more of mental health therapy was provided to patients who, in fact, received less than 45 minutes of therapy.

12. Defendant MARIA TAVERA regularly took money from the Nueva Vida bank account for her personal use. Defendant MARIA TAVERA used the Nueva Vida bank account to:

a. pay for personal expenses and the expenses of family members;

b. pay for travel and meals; and

c. take cash withdrawals.

13. For example, defendant MARIA TAVERA made the following withdrawals from the Nueva Vida bank account for her personal use:

a. On or about November 10, 2014, defendant MARIA TAVERA used her Nueva Vida debit card to withdraw $300 in cash;

b. On or about December 2, 2014, defendant MARIA TAVERA used her Nueva Vida debit card to make a $882.33 purchase at Home Depot;

c. On or about July 13, 2014, defendant MARIA TAVERA used her Nueva Vida debit card to pay $1,213.00 to Dental Arts of New Jersey;

d. On or about August 10, 2015, defendant MARIA TAVERA used her Nueva Vida debit card to make a $2,328.30 purchase at Guitar Center;

e. On or about March 19, 2016, defendant MARIA TAVERA used her Nueva Vida debit card to withdraw $600 in cash; and

f. On or about July 22, 2016, defendant MARIA TAVERA used her Nueva Vida debit card to make a $224.99 purchase at Marshalls.

14. The money defendant MARIA TAVERA took from the Nueva Vida bank account was not used for the benefit of Nueva Vida, was not compensation for services rendered to Nueva Vida, and was in addition to the salary she received from Nueva Vida as Administrator.

15. From in or about January 2014 through in or about August 2016, in Camden County, in the District of New Jersey, and elsewhere, defendant

MARIA TAVERA

did knowingly and willfully embezzle, steal, misapply, and convert without authority to her use the moneys, funds, property and other assets of a health care benefit program, namely, the Nueva Vida Behavioral Center of New Jersey, Inc., in an amount in excess of $100.

In violation of Title 18, United States Code, Section 669.

## FORFEITURE ALLEGATION

1. As a result of committing the offense alleged in this Information, defendant MARIA TAVERA shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a forfeiture money judgment in the amount of $40,490.17, representing all property constituting or derived from proceeds traceable to the commission of the offense to which she is pleading guilty.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

William E. Fitzpatrick

WILLIAM E. FITZPATRICK
Acting United States Attorney

**CASE NUMBER: 17-______________**

## United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**MARIA TAVERA**

# INFORMATION

18 U.S.C. § 669

**WILLIAM E. FITZPATRICK**
Acting U.S. Attorney
Newark, New Jersey

R. DAVID WALK, JR.
Assistant U.S. Attorney
856-757-5026

USA-48AD 8
(Ed. 1/97)