**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*WILLIAM E. FITZPATRICK*
*Acting United States Attorney*

*R. David Walk, Jr.*
*Assistant U.S. Attorney*

*Camden Federal Building & U.S. Courthouse*
*Post Office Box 2098, 401 Market Street, 4th Floor*
*Camden New Jersey 08101-2098*

*856/757-5164*
*Fax: 856/968-4917*

April 7, 2017

Gilbert J. Scutti, Esquire
31 Station Avenue
Somerdale, NJ 08083

Re: Plea Agreement with Maria Tavera

Dear Mr. Scutti:

This letter sets forth the plea agreement between your client, Maria Tavera, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Maria Tavera to a one-count Information that charges Maria Tavera with embezzlement from a health care benefit program, in violation of 18 U.S.C. § 669. If Maria Tavera enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Maria Tavera for embezzling money from Nueva Vida Behavioral Center of New Jersey, Inc., or for defrauding Medicaid at Nueva Vida Behavioral Center of New Jersey, Inc. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Maria Tavera agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Maria Tavera may be commenced against her, notwithstanding the expiration of the limitations period after Maria Tavera signs the agreement.

Sentencing

The violation of 18 U.S.C. § 669 to which Maria Tavera agrees to plead guilty carries a statutory maximum prison sentence of 10 years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Maria Tavera is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Maria Tavera ultimately will receive.

Further, in addition to imposing any other penalty on Maria Tavera, the sentencing judge: (1) will order Maria Tavera to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Maria Tavera to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Maria Tavera, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Maria Tavera to serve a term of supervised release of not more than 3 years which will begin at the expiration of any term of imprisonment imposed. Should Maria Tavera be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Maria Tavera may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Maria Tavera agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, which the parties agree is at least $40,490.17.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Maria Tavera by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Maria Tavera's activities and relevant conduct with respect to this case.

Stipulations

This Office and Maria Tavera agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Maria Tavera from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Maria Tavera waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of her acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Maria Tavera agrees to the entry of a forfeiture money judgment in the amount of $40,490.17 representing all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the embezzlement from a health care benefit program in violation of 18 U.S.C. § 699 charged in the Information, which is a Federal health care offense as defined in 18 U.S.C. § 24 (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date she enters her plea of guilty pursuant to this agreement, Maria Tavera shall cause a check for $10,000.00 to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102. Maria Tavera will pay the remaining $30,490.17 on or before two weeks before the date of sentencing.

If the Forfeiture Money Judgment is not paid on or before two weeks before the date on which Maria Tavera is sentenced pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Maria Tavera fails to pay any portion of this Forfeiture Money Judgment on or before two weeks before the date of her sentencing, Maria Tavera consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of the deficiency until the Forfeiture Money Judgment is paid in full.

Maria Tavera also agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Forfeiture Money Judgment, and any further orders that may be necessary to enforce the Forfeiture Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Maria Tavera consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to Maria Tavera's sentencing. Maria Tavera understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Immigration Consequences

Maria Tavera understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Maria Tavera understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Maria Tavera wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Maria Tavera understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Maria Tavera waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Maria Tavera. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Maria Tavera.

No provision of this plea agreement shall preclude Maria Tavera from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Maria Tavera received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Maria Tavera and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By: R. DAVID WALK, JR.
Assistant United States Attorney

APPROVED:

JACOB T. ELBERG
Chief, Health Care and Government Fraud Unit

I have received this letter from my attorney, Gilbert J. Scutti, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

MARIA TAVERA Date: 4/18/2017

I have discussed with my client the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

GILBERT J. SCUTTI, ESQ. Date: 4/18/2017
Counsel for Maria Tavera

Plea Agreement With Maria Tavera
Schedule A

1. This Office and Maria Tavera recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Maria Tavera nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Maria Tavera within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Maria Tavera further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. With respect to the offense charged in the Information:

    a. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

    b. The amount of money embezzled was $40,490.17. The loss amount is more than $40,000 but less than $95,000 and results in an increase of 6 levels. See U.S.S.G. § 2B1.1(b)(1)(I).

4. As of the date of this letter, Maria Tavera has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Maria Tavera's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Maria Tavera is 10 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

7. Maria Tavera know that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence

falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls at or above the Guidelines range that results from agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.